# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY GUSTAFSON,                )<br>    **Plaintiff,**      )<br>v.                                              )<br>                                                   )<br>ALLSTATE VEHICLE AND PROPERTY  )<br>INSURANCE COMPANY,          )<br>an Illinois Corporation              )<br>    **Defendant.**  ) | **Case No. CIV-20-1136-R** |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:  January 6, 2021

Appearing for Plaintiff:  Jacob L. Rowe, OBA No. 21797
            FULMER SILL, PLLC
            1101 N. Broadway Ave., Ste. 102
            Oklahoma City, Oklahoma 73103
            Phone: (405) 510-0077
            Fax: (800) 978-1345

            Jim Buxton, OBA No. 19057
            BUXTON LAW GROUP
            1923 N. Classen Blvd.
            Oklahoma City, OK 73106
            Phone: (405) 604-5577
            Fax: (405) 604-5578

Appearing for Defendant: Ronald L. Walker, OBA No. 9295
            Jerry D. Noblin, Jr. OBA No. 20296
            TOMLINSON MCKINSTRY, P.C.
            Two Leadership Square, Suite 450
            211 N. Robinson Ave.
            Oklahoma City, Oklahoma 73102
            Phone: (405) 606-3370
            Fax: (877) 917-1559

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    Plaintiff Amy Gustafson purchased a home on March 13, 2018 and insured the same under a Home Owner's Insurance Policy issued by Defendant Allstate Vehicle and Property Insurance Company.  Approximately one year later, Plaintiff contends she suffered a covered loss due to a wind and hailstorm and submitted a claim for benefits in the amount of $38,417.44.  Defendant conducted an inspection the home and denied Plaintiff's claim contending the damage predated the effective date of Plaintiff's policy.

    Plaintiff contends that Defendant breached the contract of insurance by failing to pay the proper amounts due to her under the policy.  Plaintiff also contends that Defendant breached the duty of good faith and fair dealing by treating her in an impermissibly adversarial manner, refusing to conduct a reasonably thorough investigation of her claim, refusing to reasonably evaluate the facts of her loss, and refusing to timely pay her claim.

    Defendant contends it did not breach the contract of insurance and did not violate the duty of good faith and fair dealing in its handling of Plaintiff's claim.

    Defendant: On October 12, 2019, Plaintiff submitted a claim to Allstate for a loss that allegedly occurred seven months earlier.  As part of its investigation, Allstate inspected Plaintiff's roof and found no hail or wind damage to the asphalt laminate shingles.  There was minor damage to some of the guttering and this was included in an estimate that was less than Plaintiff's deductible.

    Defendant states that it acted reasonably and in good faith in handling the claim.  At minimum, a legitimate dispute exists between the Parties regarding the claimed damages.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    This case was originally filed in the District Court of Oklahoma County.  The matter was removed by Defendant to this Court on November 10, 2020 on the basis of diversity pursuant to 28 U.S.C. Sec. 1332.  [Doc. 1].

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

    A.    The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.
    B.    Venue is proper in the Western District of Oklahoma.
    C.    Plaintiff is a citizen of Oklahoma and Defendant is an Illinois corporation with its principal place of business in Illinois.
    D.    Allstate Vehicle and Property Insurance Company issued homeowner's policy no. 815190513 to Plaintiff.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.    <u>Plaintiff</u>:  Plaintiff asserts two theories of recovery:  (1) breach of insurance contract; and (2) breach of the duty of good faith and fair dealing.

    b.    <u>Defendant</u>:  A homeowner's claim was submitted under Plaintiff's Allstate policy.  Allstate inspected Plaintiff's property and determined that the amount of damage was below Plaintiff's deductible.

        Defendant denies Plaintiff's allegations and states it acted reasonably and in good faith in handling the claim.  At a minimum, a legitimate dispute exists between the Parties regarding the claim.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
        ☐ Yes   X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

The Parties intend to file a Joint Motion for Protective Order on or before January 15, 2021.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes   X No
If "no," by what date will they be made? January 5, 2021

8. **PLAN FOR DISCOVERY**.

    A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on November 25, 2020.

    B.    The parties anticipate that discovery should be completed within 9 months.

The parties have conferred and believe that the COVID-related public health crisis will present a considerable barrier to the gathering of documents from various entities involved in this matter and will pose similar barriers to scheduling and conducting the depositions necessary for the parties to support their respective positions. Although the parties intend to prosecute this matter in an expeditious manner, they believe these anticipated barriers warrant an extended discovery period. It is the hope of the parties that this extended discovery period will eliminate the need for future discovery-related deadline extension requests.

    C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

        4 Months.

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        X Yes ☐ No

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        X Yes ☐ No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

        Joint Motion and Proposed Protective Order to be filed on or before January 15, 2021.

      F.      Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

      None at this time.

9. **ESTIMATED TRIAL TIME**:  3 Days.

10. **BIFURCATION REQUESTED**: ☐ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good.   X Fair    ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    ☐ No

    B.    The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        ☐ Judicial Settlement Conference
        ☐ Other _____
        X None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?   ☐ Yes    X No

14. Type of Scheduling Order Requested.  X Standard  -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 30th day of December, 2020.

*/s/Jacob L. Rowe*
Jacob L. Rowe, OBA No. 21797
FULMER SILL, PLLC
1101 N. Broadway Ave., Ste. 102
Oklahoma City, Oklahoma 73103
Phone:  (405) 510-0077
Fax:  (800) 978-1345
jrowe@fulmersill.com

and

Jim Buxton, OBA No. 19057
BUXTON LAW GROUP
1923 N. Classen Blvd.
Oklahoma City, OK  73106
Phone:  (405) 604-5577
Fax:    (405) 604-5578

*Counsel for Plaintiff*


*/s/Ronald L. Walker*
*Signed with permission of Counsel*
Ronald L. Walker, OBA No. 9295
TOMLINSON MCKINSTRY, P.C.
Two Leadership Square, Suite 450
211 N. Robinson Ave.
Oklahoma City, Oklahoma 73102
Phone:  (405) 606-3370
Fax:  (877) 917-1559
ronw@tmoklaw.com
jerryn@tmoklaw.com

*Counsel for Defendant*