IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

AMY GUSTAFSON,

        Plaintiff,

v.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, an Illinois
Corporation,

        Defendant.

Case No. CIV-20-1136-R

## AGREED PROTECTIVE ORDER

Upon consideration of the Joint Motion for Agreed Protective Order (Dkt. No. 17), and for good cause shown, the Court hereby enters the following Agreed Protective Order ("Order"):

1. The parties to this action, Plaintiff, Amy Gustafson, ("Plaintiff") and Defendant Allstate Vehicle and Property Insurance Company, ("Defendant") (collectively, "Parties") hereby acknowledge that certain documents and information produced in this action may contain confidential, proprietary, trade secret or business secret information. As a result, this Order shall govern the use and dissemination of all such materials designated as "Confidential" that are produced in this action.

2. Definitions:

    A.    "Confidential research, development or commercial information" means information that is kept private from third parties and whose public disclosure could result in competitive harm. For purposes of this Order, such information consists of the

following categories: financial information, policies and procedures, manuals, training materials, evaluations, analyses, employee files, and customer records.

B. "Proprietary" means information or material a Party privately owns or controls, is licensed to use or has otherwise been given the right to use, or which is otherwise protected by intellectual property rights.

C. "Trade secret" shall have the same meaning as in 78 O.S. § 86(4).

D. "Confidential" or "Confidential Information" means "confidential research, development or commercial information," "proprietary," and "trade secret."

E. "Document" is used in its customary broad sense and means any kind of printed, electronic, recorded, written, graphic, video, or photographic matter however created, printed, produced, stored, or coded, of any kind or description.

3. Any Party or non-party who produces or supplies information, documents or tangible items for use in this action in the course of discovery may designate as "Confidential" any material or portions thereof that the Party reasonably believes contains Confidential Information. All "Confidential" materials shall be used solely for the purposes of the above captioned litigation and not for any business or other purpose. "Confidential" material shall not be disclosed except as provided in this Order.

4. Documents, information or tangible items containing Confidential Information shall be designated as "Confidential" by marking words that in substance state as follows:

> **CONFIDENTIAL - SUBJECT TO COURT PROTECTIVE ORDER**
> In The Case Of *Gustafson v. Allstate Vehicle and Prop. Ins. Co.,* The United States District Court for the Western District of Oklahoma, Case No. CIV-20-1136-R.

This designation shall be on the face of the original or photocopy of the document, information or tangible item being produced, and upon each page so designated. The Party making the aforementioned designation shall take care that its mark of confidentiality does not obscure or render illegible the information on the document to which the mark is affixed.

5.    All properly marked "Confidential" materials produced in this action shall be used solely for the purposes of this litigation, and may be disclosed to the following:

      A.    The Parties to this Agreement, and their counsel.

      B.    This Court and its personnel.

      C.    Other attorneys/employees of the Parties or their counsel's firms.

      D.    Any insurance company or reinsurance company of the Parties.

      E.    Any consultant, investigator or independent expert of the Parties.

      F.    Any copier service of the Parties or their counsel's firms.

      G.    To persons noticed for deposition or designated as trial witnesses.

6.    All persons/entities referenced in Paragraph 5, except for those listed in Paragraph 5-A through 5-C, shall have access to "Confidential" material only after he or she has been made aware of the provisions of this Order and has manifested his or her assent to be bound thereby by signing a copy of the attached Confidentiality Agreement attached as Exhibit A. Persons receiving or reading any portion of "Confidential" materials shall not disclose it to any other person, except in conformance with this Order. Furthermore, any documents and information designated as "Confidential" shall be maintained and/or

stored in a secure and safe area in such a manner that only the Parties' counsel or employees of counsel's law firm has access to the designated documents and information.

7. This Order shall not prevent any Party from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Order.

8. If a Party wishes to disclose any material designated as "Confidential" to any person not described in paragraph 5 of this Order, permission to so disclose must be requested in writing from the Designating Party. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon application by the Party requesting such permission, orders otherwise. Prior to any disclosure initially permitted by the Court, the Designating Party shall have all opportunities to appeal the Court's ruling allowing the disclosure. However, each Party may disclose its own "Confidential" materials without regard to this Order, unless otherwise prohibited under an existing order or duty to do so.

9. Any person to whom "Confidential" material may be disclosed pursuant to paragraph 8 shall first be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached hereto as Exhibit A. Counsel for the Party obtaining the person's signature on the Confidentiality Agreement shall retain the original signed Agreement for the duration of this action, including all appeals, if any.

10. Any portion of a deposition may be designated as "Confidential" by counsel for the Designating Party as follows: (a) at the time the deposition is taken by so indicating on the record of the deposition only that portion of testimony which is deemed

confidential (b) if the designating party on the record designates the deposition in its entirety confidential at the time the deposition is taken, then the confidential designation shall exist for a period of thirty (30) days after receipt of the transcription.  If within that thirty (30) day time period, the designating party determines it wishes for the confidentiality to extend beyond the thirty (30) day period, the designating party shall notify in writing the court reporter and opposing counsel of the page and lines in which confidential information appears.  Those portions of the deposition transcript so designated and any confidential documents that are marked as exhibits to the deposition shall be treated as confidential pursuant to Paragraph 13 herein until further order of the Court.

11. Non-parties producing documents in this case pursuant to subpoenas may designate such documents as "Confidential" in accordance with paragraphs 3 and 4 above before production.  If a Party wishes to designate documents produced by third parties as "Confidential," the Designating Party will have twenty (20) days, which may be extended by agreement, after the receipt of the documents to provide a log to the other Parties, identifying the documents by bates number, if available, or by other sufficient description to identify the documents to be protected under this Order.  The Parties will then prominently mark the documents as stated in paragraph 4 above on all such documents in their possession.

12. Should the Receiving Party or its counsel receive a subpoena or other formal process issued by any state or federal government department, bureau, administrative agency, court or other entity seeking the production of any of the documents subject to

this Order, counsel for the Receiving Party shall immediately notify counsel for the Designating Party of said subpoena or formal process. The Designating Party may assert any objections it may have to production of the documents. In no event shall the Receiving Party release any document in their possession in response to said subpoena or process, which is subject to this Order, without either the prior written consent of the Designating Party, or upon order of this Court ruling upon any objection which Defendant may have raised. The Designating Party has no obligation to notify counsel for the Receiving Party in the event it receives a subpoena or formal process for its own "Confidential Information."

13. Any Party may object to a "Confidential" designation made pursuant to this Order at any time by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The Parties shall, within ten (10) days of service of the written objections, confer concerning the objection. If the objection is not resolved, the Party objecting to the designation shall file a motion to resolve the dispute over the designation of the material. In the event a motion to resolve the dispute is filed, the Designating Party has the burden of establishing that the designation is proper. All information subject to dispute shall, until further order of the Court, be treated consistently with its designation.

14. Any notes, summary, compilation, copy, electronic image or database containing Confidential Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, copy, electronic image or database is made or derived.

15.     The inadvertent or unintentional failure to make a "Confidential" designation pursuant to this Order or to assert a claim of privilege or work product immunity shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent or unintentional failure to so designate.  At such time, arrangements shall be made for the Designating Party to substitute properly labeled copies or, in the case of inadvertently produced privileged or work product documents, the documents shall be returned forthwith to the Party claiming privilege or work product immunity.

16.     The Parties agree to comply with the Court's Electronic Filing Policies and Procedures Manual, (Revised January 2020), specifically *ECF Policies and Procedures Manual*, §§ II.H and III.A.  If approval to file under seal is granted, all information designated as "Confidential" pursuant to this Order shall be filed electronically as required by the Court's *ECF Policies & Procedures Manual*, §§ III.A and II.A.5.  If § II.A.5 applies, the envelope or container shall bear the designation set forth in paragraph 4 above.  Where confidential information is mentioned in or attached to a pleading or brief, only the specific confidential information is to be redacted from the filed pleading or brief and an unredacted copy of it is to be filed under seal.

17.     Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought.

18.     The Parties agree that this Agreed Protective Order does not, nor attempts to, control the use of confidential information at Court hearings or trial as such decisions will

be made by the Court at the appropriate time. Anything containing Confidential Information which has been designated by the other Party as a proposed trial exhibit, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the Party that made the confidentiality designation obtains an appropriate order from the Court. If no such order is obtained and anything containing Confidential Information is in fact offered into evidence, such Confidential Information shall cease to be protected by this Order.

19. Neither the termination of this action nor the termination of employment of any person who has access to the Confidential Information shall relieve any such person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

20. At the conclusion of this litigation or any appeal thereof, each and every Document (including copies thereof) containing "Confidential Information" in the possession or control of any person authorized by Paragraphs 5(A), (C)-(G) and 8, shall be returned to the Producing Party or certified as having been destroyed by counsel for the Receiving Party, except for those documents that have been filed under seal, admitted as evidence in connection with any motion, hearing, or at trial, or as the Court may otherwise order.

      IT IS SO ORDERED this 28th day of January 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

**CONFIDENTIALITY AGREEMENT**

STATE OF _____ )
                                                  ) ss.
COUNTY OF _____ )

      I, _____, being duly sworn, upon my oath, state the following:

      1.    I have read and understand the Protective Order to which this Exhibit "A" is annexed, and I attest to my understanding that access to information designated as confidential may be provided to me, conditioned upon and pursuant to the terms, conditions and restrictions of said Protective Order. I agree to be bound by the terms of the Order, both with respect to the Court's powers of supervision of the litigation and contractually to any designating Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in the Confidentiality Agreement.

      2.    I shall not use or disclose to others, except in accordance with the Order, any confidential information. If I fail to abide by the terms of this Confidentiality Agreement or the Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected designating Party. I hereby waive any claim of privilege or immunity I may now or hereafter have as a defense to violation or enforcement of the Order or breach of this Confidentiality Agreement.

Dated: _____

Signed: _____
Printed Name: _____
Address: _____
_____
Individual or Entity Represented: _____
_____

**ACKNOWLEDGEMENT**

STATE OF _____ )
                                                      ) ss.
COUNTY OF _____ )

      Before me, a Notary Public in and for said county and state, on this \_\_\_\_\_ day of _____, 2021, personally appeared _____, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he/she executed the same as his/her free and voluntary act and deed for the uses and purposes therein set forth.

      SUBSCRIBED AND SWORN to before me the day and year last above written.

_____
NOTARY PUBLIC

[SEAL]              My Commission # _____

                        Expires _____